CJ-11-2443
Dixon

## BRYAN C. DIXON

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

FILED IN THE DISTRICT COURT
OKLAHOMA COUNTY, OKLA.

APR 12 2011

PATRICIA PRESLEY, COURT CLERK

by _____
DEPUTY

KAMA MADRID

    Plaintiff,

V.

LEGEND SENIOR LIVING, LLC d/b/a
LEGEND AT COUNCIL ROAD

    Defendant.

)
)
)
)
)
)
)
)
)
)
)

Case No. _____

**CJ-2011-2443**

### PETITION

Plaintiff, Kama Madrid, for her causes of action against Defendant, Legend Senior Living, LLC d/b/a Legend at Council Road alleges and states:

### PARTIES

1.    The Plaintiff is Kama Madrid, who at all relevant times mentioned herein, was an employee of Defendant and resides in Oklahoma City, Oklahoma which is located in Oklahoma County.

2.    The Defendant, who at all relevant times mentioned herein, is Legend Senior Living, LLC d/b/a Legend at Council Road, a corporation doing business in Oklahoma City, Oklahoma, and whose principal place of business is in Wichita, Kansas.

### JURISDICTION AND VENUE

3.    Both jurisdiction and venue are proper in Oklahoma County, where the discrimination and wrongful termination of Kama Madrid occurred.

4.    All the actions herein took place in Oklahoma County, Oklahoma at a facility owned and operated by Defendant.



EXHIBIT
**2**

## UNDERLYING FACTS

5.      The Defendant is a Kansas corporation which provides assisted living and nursing home care to individuals in Florida, Kansas and Oklahoma.

6.      Kama Madrid was first employed by Defendant on or about May 29, 2009, as a MAT/RA (Medication Administration Technician/Resident Assistant) in one of Defendant's Oklahoma facilities.

7.      In September of 2009, Kama Madrid became pregnant with a due date on or around June, 2010.

8.      Kama Madrid would have been eligible for leave under the Family Medical Leave Act in June, 2010.

9.      In January of 2010 Kama Madrid was promoted to Resident Care Coordinator and given a salary increase that reflected her new position and job performance.

10.     In March of 2010, management was informed that Kama Madrid was pregnant.

11.     In April of 2010, a management meeting was held in which complaints were made about staff and a recommendation was made to take pregnant employees off the schedule.

12.     Approximately two weeks after the meeting was held, Kama Madrid was demoted from her position as Resident Care Coordinator.

13.     On April 27, 2010, one week after Kama Madrid's demotion, Defendant terminated Kama Madrid's employment.

## FIRST CAUSE OF ACTION DISCRIMINATORY DEMOTION AND WRONGFUL DISCHARGE OF EMPLOYMENT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

For this cause of action Kama Madrid incorporates all prior allegations contained in Paragraphs 1-13 and further alleges:

14.    Upon Kama Madrid's information and belief, her demotion and termination were due to her pregnancy and her upcoming eligibility of FMLA benefits and foreseeable use of such benefits.

15.    On May 18, 2010, Kama Madrid timely filed her Charge of Discrimination with the United States Equal Employment Opportunity Commission, Charge No. 564-2010-01136.  *See* Charge of Discrimination, attached hereto as Exhibit "1".

16.    On January 18, 2011, the Equal Employment Opportunity Commission, upon Kama Madrid's request, issued its Notice of Right to Sue.  Accordingly, Kama Madrid has timely brought this action against Defendant pursuant to Title VII of the Civil Rights Act of 1964.  *See* Notice of Right to Sue, attached hereto as Exhibit "2".

17.    The demotion and termination of Kama Madrid constitute a violation of Title VII of the Civil Rights Act of 1964 in the form of sex discrimination, including wrongful, involuntary termination based upon her pregnancy.

18.    As the direct result of the conduct described, Kama Madrid has suffered economic loss, mental anguish, emotional distress, injury to reputation, humiliation, embarrassment, in a sum in excess of the amount required for diversity.

19.    The conduct described was intentional, malicious, or in reckless or grossly negligent disregard of Kama Madrid's rights.

## SECOND CAUSE OF ACTION WRONGFUL DISCHARGE OF EMPLOYMENT PURSUANT TO 25 O.S. § 1101, ET. SEQ.

For this cause of action Kama Madrid incorporates all prior allegations and further alleges:

20.    Oklahoma law as set forth in 25 O.S. § 1101, et. seq. clearly prohibits any discrimination or discharge of an individual with respect to compensation of the terms, conditions, privileges or responsibilities of employment, because of sex.

21.    Kama Madrid's sex and pregnancy was a significant factor in Defendant's decision to demote and ultimately terminate Kama Madrid from employment.

22.    As the direct result of the conduct described, Kama Madrid has suffered economic loss, mental anguish, emotional distress, injury to reputation, humiliation, embarrassment, in a sum in excess of the amount required for diversity.

23.    The conduct described was intentional, malicious, or in reckless or grossly negligent disregard of Plaintiff's rights.

## THIRD CAUSE OF ACTION INTERFERANCE WITH PLAINTIFF'S ATTEMPT TO EXERCISE RIGHTS PROVIDED BY THE FAMILY MEDICAL LEAVE ACT

For this cause of action Kama Madrid incorporates all prior allegations contained in Paragraphs 1- 23 and further alleges:

24.    Kama Madrid is a person who would have been entitled to leave under the provisions of the FMLA and the company's stated leave policy had she not been wrongfully and prematurely terminated from her employment.

a.    In June 2010, Kama Madrid would have worked for Defendant for at least (12) months;

b.    Kama Madrid would have worked for more than 1,250 hours during those 12 months at the time she would have needed to take the leave in June of 2010;

c.    Kama Madrid had not used any FMLA leave time prior to the time she would have needed to take the leave in question.

25.    Defendant is an entity covered by FMLA and employs more than 50 employees within 75 miles of Kama Madrid's work location.

26.    Kama Madrid's foreseeable uses of her FMLA entitlements were interfered with by Defendant when Defendant wrongfully and prematurely terminated Kama Madrid's employment due to her pregnancy.

27.    Kama Madrid was injured by this violation and is entitled to compensatory damages as set out above, in sum in excess of the amount required for diversity jurisdiction, to which should be added liquidated damages, lost wages and equitable relief.

## FOURTH CAUSE OF ACTION EXEMPLARY DAMAGES

For this cause of action Kama Madrid incorporates all prior allegations contained in Paragraphs 1- 27 and further alleges:

28.    As a direct and proximate result of the foregoing conduct Kama Madrid was wrongfully demoted and discharged from her employment with Defendant.

29.    Defendant's acts described herein constituted wanton, willful and malicious conduct, a reckless indifference to the rights of Kama Madrid.

**WHEREFORE**, Kama Madrid prays for judgment against Defendant as follows:

30.    For actual damages in a sum in excess of the amount in excess of $75,000.00 and in accordance with proof at trial;

31.     For punitive and exemplary damages in excess of $75,000.00 and in accordance

with proof at trial;

32.     For interest thereon as provided by law;

33.     For her  attorneys' fees and costs; and

34.     For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**
**ATTORNEYS' LIEN CLAIMED**

Respectfully submitted,

Michael W. Brewer, OBA #11769
Anh Kim Tran, OBA #21384
Hiltgen & Brewer, PC
One Benham Place, Suite 800
9400 North Broadway Extension
Oklahoma City, OK  73114
(405) 605-9000 Telephone
(405) 605-9010 Facsimile
mbrewer@hiltgenbrewer.com
ktran@hiltgenbrewer.com
***Attorneys for Plaintiff***

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA | |
| | [X] EEOC | 564-2010-01136 |

| Oklahoma Human Rights Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Kama S. Madrid | (832) 397-9163 | |

Street Address                                    City, State and ZIP Code

**8563 Candlewood #604, Oklahoma City, OK 73132**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **LEGEND AT COUNCIL ROAD** | **500 or More** | **(405) 721-0300** |

Street Address                                    City, State and ZIP Code

**11320 N. Council Road, Oklahoma City, OK 73162**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                                    City, State and ZIP Code

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest          Latest |

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN

[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION

[ ] OTHER (Specify)

**04-05-2010     04-27-2010**

[ ] CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I.  I've been employed as a nurse at Legend at Council Road since June 17, 2009.  On or about January 13, 2010 I was promoted to Resident Care Coordinator.  During the first week of March the new management learned that I was pregnant.  On or about April 5, 2010 I was demoted from my position and on April 27, 2010 I was discharged.

II.  The reason I was given for my demotion was that I lacked the necessary qualifications.  The reason I was given for my discharge was for telling two applicants to falsify their job applications.  I had nothing to do with the hiring process of these employees.  The two employees are still employed with the company.

III.  I believe I was discriminated against for my gender, female (pregnancy), in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

May 18, 2010
*Date*          *Charging Party Signature*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

**EXHIBIT**

1

## ESSENTIAL FACTORS COVERED WITH CHARGING PARTY

A.    Your charge has been taken under:

Title VII ✓____    ADEA ____    EPA ____    ADA ____

B.    The Respondent will be notified of your charge within ten (10) days

C.    Withdrawal requests must be in writing

D.    Charging Party must keep the Commission informed of current address and phone number, or the Commission may dismiss your charge

E.    Charging Party must cooperate with the investigation

F.    Charging Party does not have an attorney _____

G.    Charging Party does have an attorney _____ representation form attached
      **(Initial appropriate statement on F or G)**

H.    Unless notified in writing, the investigator named below will be the investigator assigned to your charge.

**I HAVE BEEN ADVISED OF THE ABOVE INFORMATION AND HAVE RECEIVED A COPY:**

_____    8-18-10
Charging Party Signature         Date

_____    5/18/10
Commission Representative         Date

I hereby acknowledge that, _____, Commission Representative has advised me that the particulars of my charge may NOT meet the jurisdictional requirements under the laws administered by the Equal Employment Opportunity Commission _____, and/or that the particulars of my charge may no support a violation of the laws administered by the Commission _____.

_____    _____
Charging Party Signature         Date

_____    _____
Commission Representative         Date

OCAO REVISED 10/17/2006 (sab, mvt, kmh)

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. FORM NUMBER/TITLE/DATE. EEOC Form 5, Charge of Discrimination (11/09).

2. AUTHORITY. 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. PRINCIPAL PURPOSES. The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. ROUTINE USES. This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION. Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please notify EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Kama S. Madrid
8563 Candlewood #604
Oklahoma City, OK 73132

From: Oklahoma City Area Office
215 Dean A. McGee Avenue
Suite 524
Oklahoma City, OK 73102

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 564-2010-01136 | Kathy A. Nusz, Investigator | (405) 231-5827 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Holly /. Waldron Cole,
for    Area Office Director

January 18, 2011
(Date Mailed)

Enclosures(s)

cc:
Tim Bucain
Owner
LEGEND AT COUNCIL ROAD
11320 N. Council Road
Oklahoma City, OK 73162

Terry L. Mann
Martin, Pringle, Oliver, Wallace & Bauer
100 N. Broadway, Suite 500
Wichita, Kansas 67202

**EXHIBIT 2**

Enclosure with EEOC
Form 161-B (11/09)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination In Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office. If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
**before 7/1/10** -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*