# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAMA MADRID, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   Case No. CIV-11-488-R |
| | ) |
| LEGEND SENIOR LIVING, L.L.C., | ) |
| d/b/a Legend At Council Road, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's motion for summary judgment on Plaintiff's Complaint. Doc. No. 35. Plaintiff has filed a response and objection to the motion [Doc. No. 40], and Defendant has filed a reply in support of its motion and memorandum in support thereof [Doc. Nos. 41 & 43]. Plaintiff makes no response to Defendant's arguments directed to Plaintiff's claims under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, and under the Oklahoma Anti-Discrimination Act, ("OADA"), Okla. Stat. tit. 25, § 1101 *et seq.* Accordingly, pursuant to LCvR 7.1(g), Defendant's motion directed to Plaintiff's FMLA and OADA claims is deemed confessed. Additionally, it is undisputed that Plaintiff was not an eligible employee under the FMLA because she had not been employed by Defendant for at least 12 months. Therefore, Plaintiff was not entitled to FMLA leave so Defendant could not have interfered with her right to take it. And no private cause of action for sex or pregnancy discrimination exists under the OADA. Thus, Defendant's motion directed to Plaintiff's FMLA and OADA claims is GRANTED.

In support of its motion directed to Plaintiff's Title VII claims for gender/pregnancy discrimination in Plaintiff's demotion and termination, Defendant argues that Plaintiff cannot establish the second, third and fourth essential elements of those claims.  However, as to Plaintiff's discriminatory termination claim, Defendant argues only that Plaintiff cannot establish a *prima facie* case of gender discrimination because she can't establish the second essential element that is, demonstrate that she was doing satisfactory work.  However, there is evidence that Plaintiff received a pay raise while employed by Defendant, that Plaintiff received the Legendary Service Award in September of 2009 and testimony that Plaintiff was "fantastic in her job."  Deposition of Karen Jones (Exhibit "5" to Plaintiff's Response) at p. 64.  This evidence is sufficient to establish the second element of a Title VII *prima facie* case.  *See e.g., Denison v. Swaco Geolograph Co.*, 941 F.2d 1416, 1420-21 (10th Cir. 1991)(employee can meet his/her burden of production on second element of a *prima facie* case by some evidence of good performance); *MacDonald v. Eastern Wyoming Mental Health Center*, 941 F.2d 1115, 1121 (10th Cir. 1991)(second essential element of *prima facie* case can be established by credible evidence that the employee continued to possess the objective qualifications she had when hired, her own testimony that her work was satisfactory, even when disputed by her employer, or by evidence that she held her position for a significant period of time), abrogated on other grounds in *Randle v. City of Aurora*, 69 F.3d 441 (10th Cir. 1995).

Defendant has articulated two legitimate, nondiscriminatory reasons for Plaintiff's termination.  Plaintiff has presented evidence that one of the asserted reasons for terminating

the Plaintiff – that she encouraged or told Jasmine Bradley and Meoshe Bradley to falsify their job applications – was false. However, while Plaintiff in her Response to Defendant's Statement of Uncontroverted Facts denies that she engaged in "any negative conversations in violation of any corporate policy," Plaintiff has wholly failed to support the denial, *i.e.,* present any evidence, even so much as an affidavit. Thus, there is no evidence before the Court that one of Defendant's articulated legitimate nondiscriminatory reasons for terminating the Plaintiff was false and/or a pretext for gender/pregnancy discrimination. As a general rule, an employee must proffer evidence that shows that each of an employer's articulated nondiscriminatory justifications for termination is pretextual. *Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 814 (10th Cir. 2000). Sometimes, however, a plaintiff's evidence that one justification is unworthy of belief or pretextual casts doubt on or calls into question other proffered justifications. *See id.; see also Bryant v. Farmers Insurance Exchange*, 432 F.3d 1114, 1126-27 (10th Cir. 2005)(demonstrating that one reason for termination which predominated over the other reasons is pretextual is enough to avoid summary judgment). Here, however, neither reason for Plaintiff's termination has any apparent predominance over the other and Plaintiff's evidence that one of Defendant's reasons is unworthy of belief does not cast substantial doubt on Defendant's other proffered reason. Therefore, Defendant is entitled to summary judgment on Plaintiff's Title VII discriminatory termination claim. *See Luster v. Vilsack*, 667 F.3d 1089, 1093-94 (10th Cir. 2001)(plaintiff's failure to show that the defendant's second justification for non-selection

of plaintiff for a position as Forestry Technician entitled the defendant to summary judgment).

In support of its motion directed to Plaintiff's discriminatory demotion claim, Defendant argues that Plaintiff cannot establish the third essential element of a *prima facie* case of discriminatory demotion. Defendant states that Plaintiff did not suffer a demotion because she never received an authorized promotion to the position of Resident Care Coordinator (RCC) and that such a promotion was not authorized because the position did not exist and had never existed. While purporting to address the element of "adverse employment action," Defendant goes on to state that "[i]ndeed, the plaintiff lacked the education necessary for the fictitious position," Defendant's Brief at pp. 20-21, pointing out in its "Statement of Uncontroverted Facts" that the job description for the position of RCC required that the employee be a graduate of an accredited school of nursing, citing Exhibit "15," and that Plaintiff admits she is not a nurse and is not a graduate of an accredited nursing school. *See* Defendant's Brief at p. 10. In its reply, however, Defendant apparently recognizes that Plaintiff's alleged failure to meet the qualifications for the position of RCC (which Defendant in any event maintains is a fictitious position) prevents Plaintiff from establishing the second essential element of a *prima facie* case of discriminatory demotion. *See* Defendant's Memorandum in Support of Reply at p. 4. And the Court is of the opinion that Defendant's assertion that Plaintiff was not qualified for the purportedly fictitious position of RCC should be considered either in determining whether Plaintiff can establish

the second essential element of a *prima facie* case or as an articulated legitimate nondiscriminatory reason for Plaintiff's demotion.

In response to Defendant's argument addressed to the third essential element of her demotion claim, that Plaintiff suffered an adverse employment action, Plaintiff has submitted evidence that the position of Resident Care Coordinator (RCC) did exist at Plaintiff's place of employment with Defendant. *See* Plaintiff's Deposition (Exhibit "3" to Plaintiff's Response) at pp. 167 & 283; Affidavit of Terry Lewis (Exhibit "2" to Plaintiff's Response) at ¶ 3; Resident Care Coordinator Job Description signed by Plaintiff (Exhibit "4" to Plaintiff's Response); and Deposition of Karen Jones (Exhibit "5" to Plaintiff's Response) at pp. 16, 21, 22, 57 & 64). Indeed, an email from Defendant's Vice President of Operations which both Defendant and Plaintiff submitted to the Court strongly suggests that the RCC position did exist at Defendant and that he approved Plaintiff's promotion to it, just not a $3.00 hourly raise: "This is not approved.  The RCC positions do not carry $3.00 hourly raise.  This title will carry with it a maximum of $0.75 hourly raise.  This must be addressed with this associate in person.  Eliminate the position if necessary." *See* email from Matthew Thornton to Caryl Ridgeway dated February 8, 2010 (Exhibit "15" to Defendant's Motion and Exhibit "10" to Plaintiff's Motion.  There is also evidence before the Court that the position of RCC carried with it considerably different duties and responsibilities from that of Certified Nursing Assistant/Medication Administrative Technician, which duties and responsibilities were taken away from Plaintiff.  Accordingly, Plaintiff has met her burden

of production of showing that she suffered an adverse employment action when she was demoted.

With respect to the second essential element of a *prima facie* case of discriminatory demotion, that is, that the plaintiff was qualified for the position from which he or she is demoted, *see Matthews v. Denver Newspaper Agency, LLP,* 649 F.3d 1199, 1208 (10th Cir. 2011)(elements of *prima facie* discriminatory demotion case), it is undisputed that the Job Description for Resident Care Coordinator requires a graduate of an accredited nursing school who holds a current nursing license in the state of employment, *see* Exhibit "15" to Defendant's Motion, and that the Plaintiff did not have these qualification. *See* Deposition of Plaintiff (Exhibit "3" to Defendant's Motion) at p. 169. However, Plaintiff has submitted evidence that an individual named Andrew Berg was introduced to her as the RCC and that he was not a licensed nurse but rather a Certified Nursing Assistant and Medication Administration Technician (CNA/MAT). Deposition of Plaintiff (Exhibit "3" to Plaintiff's Response) at p. 283. She has also submitted evidence that she was told that she was being demoted from the position of RCC because she was not a nurse but was told she was being replaced by Connie Pratt, who was also not a nurse. *Id.* This evidence suggests that notwithstanding the objective qualification listed on the RCC Job Description, Defendant did not *require* that an employee holding the position of RCC actually have those qualifications. Accordingly, Plaintiff's own testimony that she performed the duties of RCC for nearly three months, *see* Deposition of Plaintiff (Exhibit "3" to Plaintiff's Response) at p. 133, as well as the testimony of Karen Jones that Plaintiff performed all her duties as the RCC and was

"fantastic" in her job, *see* Deposition of Karen Jones (Exhibit "5" to Plaintiff's Response) at pp. 22, 57 & 64, in conjunction with evidence that Defendant employed others who did not have nursing degrees in the position of RCC, is sufficient to establish for purposes of a *prima facie* case of discriminatory demotion that Plaintiff was qualified for the position of RCC.

In her response brief, Plaintiff sought to establish the fourth essential element of a *prima facie* case of discriminatory demotion by showing that the "position remained open and was ultimately filled by a non-pregnant employee," quoting *Atchley v. Nordam Group*, 180 F.3d 1143, 1148 (10th Cir. 1999), while noting that a plaintiff can satisfy the fourth essential element of a *prima facie* case "in a number of ways." *Atchley*, 180 F.3d at 1195 n. 6. Plaintiff attempts to show that she was replaced in the position of RCC by a non-pregnant individual by citing to her testimony that she was replaced by Connie Pratt. *See* Deposition of Plaintiff (Exhibit "3" to Plaintiff's Response) at p. 283. Defendant in its reply, however, points out that Plaintiff's testimony does not support her assertion that she was replaced by a non-pregnant individual. Defendant's Memorandum in Support of Reply at pp. 6-7. This is true because Plaintiff didn't testify as to whether or not Connie Pratt was pregnant. And there is no other evidence before the Court that Connie Pratt was not pregnant. Thus, Plaintiff cannot establish the fourth essential element of her discriminatory demotion claim in this manner. However, another way Plaintiff can establish the fourth essential element of a *prima facie* case of discriminatory demotion is simply by showing that "the position was not eliminated." *Matthews v. Denver Newspaper Agency, LLP*, 649 F.3d at 1208, *citing*

*Jones v. Denver Post Corp.*, 203 F.3d 748, 753 (10th Cir. 2000).  The testimony of Karen Jones that following Plaintiff's demotion, Defendant hired a new girl to replace Plaintiff as RCC, *see* Deposition of Karen Jones (Exhibit "5" to Plaintiff's Response) at pp. 64-65, and Plaintiff's testimony that she was told she was being replaced as RCC by Connie Pratt, is sufficient to establish that the position of RCC was not eliminated.  Thus, Plaintiff has established the fourth essential element of her discriminatory demotion claim.

Defendant has not specifically proffered a legitimate nondiscriminatory reason for demoting the Plaintiff, maintaining instead that the position of RCC never existed, a promotion to such a position was never authorized and Plaintiff wasn't qualified for such fictitious position anyway, and thus that Plaintiff can't show an adverse employment action and, possibly, that she was not qualified for it.  However, even if the Court considers Defendant's position that Plaintiff was not qualified for the allegedly fictitious position as an articulated legitimate nondiscriminatory reason for Plaintiff's demotion, the evidence, cited above, that other individuals who were not nurses having graduated from accredited nursing schools and holding nursing licenses held the position of RCC at Plaintiff's place of employment with Defendant before and after Plaintiff held that position is sufficient to show that Plaintiff's lack of nursing degree as the reason for her demotion is unworthy of belief and a mere pretext.  Accordingly, Defendant is not entitled to summary judgment on Plaintiff's Title VII discriminatory demotion claim.

In accordance with the foregoing, Defendant's motion for summary judgment [Doc. Nos. 35 & 36] is GRANTED in part and DENIED in part.  Defendant's motion directed to

Plaintiff's Title VII discriminatory termination, FMLA and OADA claims is GRANTED and its motion directed to Plaintiff's Title VII discriminatory demotion claim is DENIED.

IT IS SO ORDERED THIS 20th day of April, 2012.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE